# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
|---|---|---|
| v. | : : : | |
| FRANCISCO GONZALEZ JOSE | : : | NO. 14-652-10 |

## MEMORANDUM

**KEARNEY, J.**                                                                                                                                   **August 7, 2018**

After an unsuccessful direct appeal of his conviction and sentencing for his role in a heroin drug trafficking organization, Francisco Gonzalez Jose petitioned for habeas relief under 28 U.S.C. § 2255 arguing ineffectiveness of his trial counsel for failing to object to our jury instruction to "start over" after replacing an ill juror during deliberations with an alternate juror. We denied his habeas petition after finding he failed to satisfy his burden to show prejudice under *Strickland v. Washington*.[1] He disagrees with us and, moving for reconsideration, raises the same argument he made in his habeas petition but now adds a new theory: his trial counsel's failure to object to the "start over" jury instruction constitutes a structural error which presumes prejudice under *Strickland*. As we fully explained in our memorandum denying Mr. Gonzales Jose's post-trial motion and in our June 25, 2018 memorandum denying his habeas petition,[2] we did not err in our "start over" instruction instead of the functional equivalent "begin anew." Our jury instruction did not constitute structural error. Alternatively, his trial counsel's decision not to object to this functional equivalent does not relieve Mr. Gonzalez Jose of his burden of show prejudice under *Strickland*. Having shown Mr. Gonzalez Jose must show prejudice and did not show prejudice, we deny Mr. Gonzalez Jose's motion for reconsideration.

I.  **Background**

After an eight day trial, a jury convicted Mr. Gonzalez Jose of conspiracy to distribute one kilogram or more of heroin; conspiracy to import one kilogram or more of heroin; two counts of possession with intent to distribute one kilogram or more of heroin; aiding and abetting; and conspiracy to commit money laundering for his role in a drug trafficking organization. The overwhelming evidence adduced by the United States demonstrated Mr. Gonzalez Jose's role in the conspiracy to distribute at least ninety kilograms of heroin and the laundering of approximately six million dollars in heroin sales.[3] We sentenced Mr. Gonzalez Jose to 220 months of imprisonment.

Mr. Gonzalez Jose moved for judgment of acquittal under Federal Rule of Criminal Procedure 29 and for a new trial under Federal Rule of Criminal Procedure 33 including a challenge to our instruction to the jury when replacing an ill juror with an alternate. We denied his motions, explaining we did not err in our instruction and finding it the functional equivalent of an instruction to the jury it "begin its deliberations anew" as provided in Federal Rule of Criminal Procedure 24(c)(3).

Mr. Gonzalez Jose then directly appealed from his conviction and sentence on a variety of grounds, including his claim we erred in our instruction to the jury to "start again" after replacing an ill juror with an alternate after deliberations began. He alleged we erred in failing to instruct the jury using the exact words "begin deliberations anew" required by Federal Rule of Criminal Procedure 24(c)(3). Our court of appeals applied a plain error standard because Mr. Gonzalez Jose's trial counsel did not object to the instruction at trial. Applying the plain error standard, the court of appeals found it "need not determine whether [our] statements, taken as a whole, were the functional equivalent of 'begin your deliberations anew,' because even if [we]

2

erred, such error was not 'clear or obvious . . . rather than subject to reasonable dispute.'"[4] Although it did not reach the question whether our instructions are the functional equivalent of "begin deliberations anew," the court of appeals noted "'a violation of the established criminal procedure is not sufficient in itself to create a constitutional violation' and that the specific wording of Rule 24 does not hold 'talismanic value.'"[5] The court of appeals also noted Mr. Gonzalez Jose did not "proffer anything to show that any error would have affected the outcome of the proceedings."[6]

Mr. Gonzalez Jose then filed a § 2255 petition attacking his conviction and sentence by arguing ineffective assistance of his trial counsel. He argued because his trial counsel did not object to our jury instruction, the court of appeals limited its review of the instruction to plain error and had his counsel properly objected the outcome of his appeal would have been different. We denied Mr. Gonzalez Jose's § 2255 petition, finding he failed to meet *Strickland's* prejudice prong by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." We found the challenged "start over" instruction is not erroneous because it is the functional equivalent of an instruction to "begin deliberations anew."

## II. Analysis

Mr. Gonzalez Jose disagrees with our finding he failed to show prejudice under *Strickland*.[7] He asks us to reconsider our decision he failed to meet the prejudice prong of *Strickland* arguing for the first time his lawyer's decision to not object to our instruction to "start over" is a "structural error" where prejudice is presumed. We deny his motion for reconsideration first because he improperly asserts a new legal theory on reconsideration and second, even if properly asserted, his trial counsel's decision is not structural error.

3

### A. Mr. Gonzalez Jose's motion asserts a structural error theory not raised in his § 2255 motion.

"The purpose of a motion for reconsideration . . . is to correct manifest errors of law or fact or to present newly discovered evidence."[8] To succeed on a motion for reconsideration, Mr. Gonzalez Jose must show "at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence when the court [issued its order]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice."[9] A motion for reconsideration "addresses only factual and legal matters that the Court may have overlooked. It is improper on a motion for reconsideration to ask the Court to rethink what it had already thought through – rightly or wrongly."[10]

Mr. Gonzalez Jose makes this new argument on reconsideration. He asserts a new legal theory – he need not show prejudice under *Strickland* because our "start over" instruction is a structural error. Mr. Gonzalez Jose failed to raise this argument in his § 2255 motion. He asserted only his trial counsel's ineffective assistance in failing to object causing the court of appeals to review the instruction for plain error only and the outcome of his appeal would have been different. At no time did he argue structural error and presumed prejudice takes our habeas analysis outside the *Strickland* paradigm.

Motions for reconsideration are granted sparingly, should not be used for a "second bite at the apple,"[11] and are "not an opportunity for a party to present previously available evidence or new arguments."[12] We may deny reconsideration on this basis alone.

### B. Our "start over" instruction does not constitute a structural error.

Assuming we can consider reconsideration arguments on the denial of habeas when those arguments are not raised in the direct appeal or in the initial habeas petition, we cannot conclude

4

the "start over" instruction instead of "begin anew" instruction is a structural error presuming prejudice under *Strickland.*

In support of this new theory, Mr. Gonzalez Jose cites to the recent Supreme Court decision on a direct appeal from state court in *McCoy v. Louisiana.*[13] In *McCoy*, the Court considered whether it is unconstitutional to allow defense counsel to concede guilt over a defendant's unambiguous objection in a capital murder case.[14] The defendant, McCoy, moved for a new trial, arguing the trial court violated his constitutional rights by allowing his trial counsel to concede guilt over his objection.[15] The Court found a violation of McCoy's Sixth Amendment right, finding the violation rising to the level of a structural error, an error causing "fundamental unfairness"[16] so as to "'affect[] the framework within which the trial proceeds,' as distinguished from a lapse or flaw that is 'simply an error in the trial process itself.'"[17]

A body of case law from the Supreme Court identifies structural errors such as deprivations of the right to counsel at trial; a judge who is not impartial; unlawful exclusion from a grand jury members of defendant's race; the right to self-representation at trial; the right to public trial;[18] an error in a reasonable doubt jury instruction;[19] and, most recently in *McCoy v. Louisiana*, a defendant's right to insist his trial counsel refrain from admitting guilt in a capital case.[20] Structural errors may also occur "'if the right at issue is not designed to protect the defendant from erroneous conviction but instead protects some other interest,' such as 'the fundamental legal principle that a defendant must be allowed to make his own choices about the proper way to protect his own liberty'" and when the effects of an error "are too hard to measure, as is true of the right to counsel of choice, or where the error will inevitably signal fundamental unfairness, as we have said of a judge's failure to tell the jury that it may not convict unless it finds the defendant's guilty beyond a reasonable doubt."[21]

5

Ultimately in *McCoy* the Court found a structural error in the direct appeal and did not apply its ineffective-assistance-of-counsel jurisprudence of *Strickland* when evaluating attorney error or a harmless error analysis to Defendant McCoy's claim.[22] While *McCoy* instructs our guidance on the type of structural error warranting reversal on direct appeal, it could not directly address the waiver of *Strickland* prejudice applying when a convicted person seeks habeas relief. It arose in a different context.

But even considering Mr. Gonzalez Jose's argument under *McCoy* in the habeas context, there is no structural error in our "start over" jury instruction. Mr. Gonzalez Jose contends the error in our jury instruction is structural because it caused a violation of his fundamental right to a jury trial. But Mr. Gonzalez Jose simply makes this allegation without showing how our jury instruction, even assuming it is erroneous, would have affected the outcome of the trial. He received a jury trial. Every juror (including the alternate now deliberating) returning the verdict heard days of overwhelming evidence against him. The only challenge based on lawyer ineffectiveness is failing to object to the jury instruction when we replaced an ill juror with an alternate. The "start over" instruction did not address the substantive law, witnesses or presentation of evidence. It only directed the jury with the alternate to "start over" with the first question and analyze each special interrogatory.

We cannot speculate how our jury instruction to "start over" as the functional equivalent of the "begin ...anew" instruction is a structural error. We did not affect the evidence presentation, instructions on the substantive law or the fairness of the trial. We cannot imagine how this functionally equivalent instruction comes close to structural error under *McCoy*. Our instruction did not affect the framework in which the trial proceeds. There is no fundamental unfairness similar to *McCoy* or other guidance allowing us to find a structural error excusing the

6

*Strickland* prejudice analysis. We can find no authority, and counsel offers none, to show trial counsel's decision to not object to this type of jury instruction to "start over" with an alternate juror is a structural error. But guided by the types of cases which find structural error such as *McCoy*, trial counsel's decision to not object to this functionally equivalent instruction is not a structural error affecting the fairness of the trial.

Our court of appeals' extensive analysis in *Vickers v. Superintendent Graterford SCI,* also supports the boundaries of structural error allowing us to presume *Strickland* prejudice in evaluating a habeas petition.[23] Our court of appeals affirmed the habeas petitioner must show prejudice even when arguing his lawyer failed to secure his knowing waiver of a jury trial. The trial counsel advised the petitioner of his right to waive the jury trial but not all aspects of the waiver. The court of appeals found no structural error allowing us to presume prejudice. This waiver forfeited the right to a jury. We today address whether the failure to object to a "begin over" instruction requiring the jury to start over with deliberations because we substituted the alternate for an ill juror. There is no risk of waiving a jury trial. At most, as in *Vickers,* trial counsel's decision to not object to the functional equivalent may have created an appellate issue but it is not a structural error.

There is no basis to find a reasonable probability of a different outcome. The United States presented vast amounts of evidence which supported the jury's unanimous finding. We reject Mr. Gonzalez Jose's assertion he need not show prejudice as now raised in his reconsideration request. Finding he fails to show prejudice, we deny his motion for reconsideration.

### III. Conclusion

We deny Mr. Gonzalez Jose's motion for reconsideration in the attached Order. Mr.

7

Gonzalez Jose also offers no new grounds for us to consider our earlier denial of a certificate of appealability.

---

[1] 466 U.S. 668 (1984).

[2] *See* ECF Doc. Nos. 919, 1122.

[3] As the parties are familiar with the facts, we incorporate the background detailed in our September 6, 2016 and June 25, 2018 memoranda. *See* ECF Doc. Nos. 919, 1122.

[4] *Unites States v. Sotelo*, 707 F.App'x 77, 84-85 (3d Cir. 2017) (quoting *Puckett v. United States*, 556 U.S. 129, 135 (2009)).

[5] *Id.* at 84 (quoting *Claudio v. Snyder*, 68 F.3d 1573, 1576-77 (3d Cir. 1995), *as amended* (Dec. 1, 1995)).

[6] *Id.* at 85.

[7] In our June 25, 2018 memorandum, we addressed the prejudice prong first as permitted by the Court in *Strickland* where "it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice." *Strickland*, 466 U.S. at 697.

[8] *Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 251(3d Cir. 2010) (quoting *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also In re Vehicle Carrier Servs. Antitrust Litig.*, 846 F.3d 71, 87 (3d Cir. 2017).

[9] *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011) (quoting *Howard Hess Dental Labs*, 602 F.3d at 251). Mr. Gonzalez Jose fails to cite the reconsideration standard or grounds on which he seeks reconsideration. We read his motion for reconsideration to be based on the third ground – "the need to correct a clear error of law or fact or to prevent manifest injustice" – on the issue of prejudice under *Strickland.*

[10] *In re Blood Reagents Antitrust Litig.*, 756 F. Supp. 2d 637, 640 (E.D. Pa. 2010) (quoting *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993)).

[11] *Jarzyna v. Home Prop., L.P.*, 185 F. Supp. 3d 612, 622 (E.D. Pa. 2016) (citations omitted).

[12] *Federico v. Charterers Mut. Assurance Ass'n Ltd.*, 158 F. Supp. 2d 565, 578 (E.D. Pa. 2001); *see also Blystone*, 664 F.3d at 415-16.

[13] *McCoy v. Louisiana*, ___ U.S.___, 138 S.Ct. 1500.

[14] *Id.* at 1507.

[15] The Louisiana Supreme Court affirmed the trial court's ruling trial counsel had the authority to concede guilt, despite McCoy's opposition to such a concession, because trial counsel reasonably believed admitting guilt would avoid the death penalty. *Id.* at 1507.

[16] *Weaver v. Massachusetts*, ___ U.S. ___, 137 S.Ct. 1899, 1912 (2017).

[17] *McCoy*, 138 S.Ct. at 1511 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 310 (1991)).

[18] *Fulminante*, 499 U.S. at 1264-65.

[19] *Sullivan v. Louisiana*, 508 U.S. 275, 280-82 (1993).

[20] *McCoy*, 138 S.Ct. at 1505.

[21] *Id.* at 1511 (quoting *Weaver*, 137 S.Ct. at 1908).

[22] *Id.* at 1510-11.

[23] 858 F.3d 841, 855 (3d Cir. 2017).